**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
***Southern Division***

**UNITED STATES OF AMERICA,** *

**Plaintiff,** *

**v.** * **Case No.: GJH-21-2514**

**MACHU PICCHU CONSTRUCTION, LLC** *

**and** *

**LUCIANO VIRTO,** *

**Defendants.** *

* * * * * * * * * * * * *

**MEMORANDUM OPINION**

Plaintiff United States of America brings this civil action against Defendants Machu Picchu Construction, LLC, and Luciano Virto, for the purpose of (1) collecting unpaid federal employment, unemployment, and corporate income taxes owed by Defendants, and (2) compelling Defendants to timely withhold, collect, and pay to the Internal Revenue Service ("IRS") the corporation's accruing federal employment tax liabilities. ECF No. 1. Pending before the Court is Plaintiff's Motion for Default Judgment. ECF No. 10. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the following reasons, Plaintiff's Motion is granted.

## I. BACKGROUND

Defendant Machu Picchu is a general construction services company incorporated in Virginia, with a principal place of business in Silver Spring, Maryland. ECF No. 1 ¶ 5. Defendant Luciano Virto is the sole member of Machu Picchu. *Id.* ¶ 6.

According to the Government's Complaint, Defendant Machu Picchu was subject to federal tax obligations, with which it has not complied for certain tax periods, beginning with the 2009 tax year. *Id.* ¶ 9. As of August 9, 2021, Defendant Machu Picchu owed the United States $248,689.94 in unpaid employment, unemployment, and corporate taxes. *Id.* ¶ 13.

The United States purports that it has sought to bring Defendants into compliance with federal tax laws since at least 2012. *Id.* ¶ 15. On September 30, 2021, the Government brought its Complaint against Defendants in this Court. ECF No. 1. Defendants were properly served on October 17, 2021. ECF No. 3; ECF No. 4. On December 8, 2021, the Government filed a Request for Entry of Default, ECF No. 6, which the Clerk entered on December 10, 2021, ECF No. 7. On March 22, 2022, the Government filed its Motion for Default Judgment. ECF No. 10.

## II. DISCUSSION

### A. Default Judgment

#### 1. Standard of Review

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court." *Educ. Credit Mgmt. Corp. v. Optimum Welding*, 285 F.R.D. 371, 373 (D. Md. 2012). Although "[t]he Fourth Circuit has a 'strong policy' that 'cases be decided on their merits,'" *Choice Hotels Intern., Inc. v. Savannah Shakti Carp.*, No. DKC-11-0438, 2011 WL 5118328, at *2 (D. Md. Oct. 25, 2011) (quoting *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), "default judgment may be appropriate when the adversary process has been halted

because of an essentially unresponsive party." *Id.* (citing *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005)).

"Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not." *Lawbaugh*, 359 F. Supp. 2d at 422. Thus, the court first determines whether the unchallenged factual allegations constitute a legitimate cause of action. *Agora Fin., LLC v. Samler*, 725 F. Supp. 2d 491, 494 (D. Md. 2010). In determining whether the factual allegations constitute a legitimate cause of action, courts typically apply the *Iqbal/Twombly* pleading standard. *See Baltimore Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 544 (D. Md. 2011) (finding Iqbal "relevant to the default judgment inquiry"). A complaint offering only "'labels and conclusions'" or "'naked assertion[s]' devoid of 'further factual enhancement'" fails to adequately state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007)).

If liability is established, the court then makes an independent determination of damages. *Agora Financial, LLC*, 725 F. Supp. 2d at 494. Rule 54(c) limits the type of judgment that may be entered based on a party's default: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). While the Court may hold a hearing to prove damages, it is not required to do so; it may rely instead on "detailed affidavits or documentary evidence to determine the appropriate sum." *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001) (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)); *see also Laborers' District Council Pension, et al. v. E.G.S., Inc.*, No. WDQ–09–3174, 2010 WL 1568595, at *3 (D. Md. Apr. 16, 2010) ("[O]n default judgment, the Court may only award damages without a hearing if the record supports the damages requested.").

**2. Analysis**

Defendants have defaulted in this case and the well-pleaded allegations in the Complaint are accepted as true, although not as to damages. The United States alleges that Defendants are liable for unpaid federal employment, unemployment, and corporate tax obligations for certain tax periods, starting with the 2009 tax year. ECF No. 10-1 at 4.[1] Defendants purportedly owe $248,689.94 in unpaid taxes, plus any further accruals of interest and statutory additions, as required by law. *Id.* at 6. The Government's Motion is appropriately supported by the declaration of IRS Revenue Officer Johanny De Jesus and corresponding IRS Account Transcripts for the relevant periods. *See* ECF No. 10-2; ECF No. 10-3. Thus, the United States has made a prima facie case of Defendants' tax liabilities. Defendants, meanwhile, have failed to make an appearance in this case, or otherwise mount a defense. Accordingly, the Court will find in favor of the Government and award judgment in the amount of $248,689.94, plus interest and statutory additions for the period after August 9, 2021.

**B. Injunction under IRS Code § 7402(a)**

**1. Legal Standard**

The United States also seeks a permanent injunction to bring Defendants into compliance with federal tax laws. Section 7402(a) empowers the courts to "issue in civil actions, writs and orders of injunction ... and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402(a).

Courts are split as to the standard for granting an injunction under this law. *United States v. R & K Tile, Inc.*, Case No. CCB–14–3025, 2015 WL 1736802, at *2 (D. Md. Apr. 14, 2015). Most courts have concluded that "the government need only show that an injunction is appropriate for the enforcement of the internal revenue laws, without reference to the traditional

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

equitable factors." *Id.* (quoting *United States v. Thompson*, 395 F. Supp. 2d 941, 945 (E.D. Cal. 2005)). However, the Fourth Circuit has not determined which standard applies. *See United States v. Blackston*, No. 6:20-CV-04023-DCC, 2022 WL 168033, at *2 (D.S.C. Jan. 19, 2022); *United States v. Chesapeake Firestop Prod., Inc.*, No. CV DKC 17-3256, 2018 WL 3729036, at *3 (D. Md. Aug. 6, 2018). Regardless, the issue need not be resolved in this case because an injunction is appropriate under either standard.

Section 7402(a) expressly authorizes a court to issue an injunction "when necessary or appropriate for the enforcement of the internal revenue laws." An injunction is therefore appropriate if "the defendant is reasonably likely to violate the federal tax laws again, which courts assess by evaluating the totality of the circumstances." *R & K Tile, Inc.*, 2015 WL 1736802, at *2 (quoting *Thompson*, 395 F. Supp. 2d at 945–46) (internal quotation marks omitted). The relevant factors include:

> (1) the gravity of harm caused by the offense; (2) the extent of the defendant's participation, and her degree of scienter; (3) the isolated or recurrent nature of the infraction and the likelihood that the defendant's customary business activities might again involve her in such transaction; (4) the defendant's recognition of her own culpability; and (5) the sincerity of her assurances against future violations.

*Id.* at *3.

Under traditional equitable principles, an injunction would be appropriate if the plaintiff demonstrates:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law ... are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*United States v. Ulysses S. Martin, Jr., DDS, PC*, No. GJH-19-1641, 2019 WL 6618662, at *3–4 (D. Md. Dec. 5, 2019) (quoting *Legend Night Club v. Miller*, 637 F.3d 291, 297 (4th Cir. 2011)).

**2. Analysis**

Accepting the well-pled allegations as true, Defendants have repeatedly and continually failed to pay federal employment, unemployment, and corporate taxes to the IRS since 2009. ECF No. 10-1 at 7. The total amount of taxes due exceeds $248,000. *Id.* The Government has now exhausted its administrative abilities to compel Defendants to comply with the internal revenue laws. *Id.* at 8. Defendants have also admitted culpability by failing to respond in this case, leaving the Court with little reason to believe they plan to meet their tax obligations in the future. Accordingly, issuance of a permanent injunction is "necessary and appropriate to enforce the internal revenue laws." 29 U.S.C. 7402(a).

An injunction is similarly appropriate under traditional equitable principles. The Government has suffered, and will continue to suffer, irreparable harm as a result of Defendants' conduct. "[T]axes are the lifeblood of government, and their prompt and certain availability an imperious need," *Bull v. United States*, 295 U.S. 247, 259 (1935), and, as noted above, Defendants have accrued more than $248,000 in unpaid tax liabilities. The United States would suffer permanent loss of its tax revenue if Defendants were permitted to skirt their obligations indefinitely. The Government is also harmed because it has expended significant resources attempting to compel Defendants to comply with federal tax laws. By contrast, Defendants would not be harmed by an injunction because "they will simply be required to obey the same tax laws as other employers." *Martin, Jr.*, 2019 WL 6618662, at *4.

Legal remedies are inadequate to compensate for this injury, as evidenced by Defendants' continued failure to honor their tax obligations, despite proper notice and demand, and the Government's repeated attempts to collect payment. Finally, an injunction would also not be contrary to the public interest. "The tax system relies on employers to collect employment and unemployment taxes and to pay those [taxes] over to the United States." *Chesapeake Firestop*

*Prods., Inc.*, 2018 WL 3729036, at *4 (quoting *United States v. J.A. Subway, Inc.*, Case No. GLR–16–0810, 2016 WL 6988800, at *4 (D. Md. Sept. 23, 2016)). Defendants' repeated failure to comply with federal tax laws undermines the tax system, and enjoining Defendants to comply will lead to "fair administration of the internal revenue laws" and "fair competition by halting these wrongful practices." *Id.* (quoting *J.A. Subway, Inc.*, 2016 WL 6988800, at *4). Accordingly, all equitable factors support entry of a permanent injunction against Defendants.

Thus, the Government is entitled to default judgment on its request for a permanent injunction against Defendants. The permanent injunction will enjoin Defendants to deposit required taxes in an appropriate federal depository bank, provide proof to the IRS that the required deposits have been made, timely pay all outstanding tax liabilities, notify the IRS of any future employment tax conduct with respect to any new or presently unknown company that Defendant Virto may become involved with, and prohibit Defendants from assigning any property or making any payments until all required taxes are first properly deposited or paid to the IRS.[2]

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion is granted. A separate Order follows.

Date: December 29, 2022

_/s/_________________________
GEORGE J. HAZEL
United States District Judge

[2] The accompanying Order includes the specific components of the permanent injunction. The Order does not contain any relief that differs in kind or exceeds the relief requested in the Complaint.